(67 App. Div. 365.)

PEOPLE ex rel. NON–ANTEM SULPHITE DIGESTER CO. v. KNIGHT, Comptroller.

(Supreme Court, Appellate Division, Third Department.   December 31, 1901.)

TAXATION—CAPITAL STOCK—MANUFACTURING CORPORATION.
    Under Tax Law, § 183 (Laws 1896, c. 908), providing that a manufacturing corporation, to the extent cf the capital actually employed in the state' in manufacturing and in the sale of the product thereof, shall be exempt from taxation on its capital stock, 'a corporation, the sole business of which is making lead boilers used as a lining for steel wood-pulp digesters, whether manufactured in a separate manufactory and shipped, or whether manufactured on the ground where used, is exempt from taxation on its capital stock.

Certiorari by the people, on the relation of the Non-Antem Sulphite Digester Company, against Erastus C. Knight, as comptroller

of the state of New York, to review the assessment of a franchise tax against the relator. Reversed.

The relator's sole business is that of manufacturing a lining for wood-pulp digesters. A wood-pulp digester is a large boiler, varying from 10 to 30 feet in diameter, and from 16 to 35 feet in height. This is, in effect, a steel shell, in which the wood pulp is boiled. It is necessary to line this shell, in order to prevent the action of the acid upon it. This lining is manufactured by the defendant under a patent which has been issued to one Eugene Meurer. The capital stock of the company consists of this patent, which is claimed to be of the value of $90,000, and of $10,000 in cash. This lining is composed of lead, brick, and cement. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, EDWARDS, CHASE, and HOUGHTON, JJ.

John B. Gleason, for relator.
John C. Davies, Atty. Gen. (Henry B. Coeman, of counsel), for the comptroller.

SMITH, J. The exact construction of this lining, which is claimed to be a process of manufacture, is not made clear. It is fairly inferable, however, from the evidence, that the relator manufactures a lead boiler, which is placed inside of the steel digester, and acts as a lining thereto. Just how that is protected or supported by the brick and mortar does not appear, nor do I deem it material. A company formed to manufacture lead boilers would be a manufacturing company. Why less a manufacturing company if the boilers be used as linings to pulp digesters? The character of the business is the same whether these be manufactured in a separate manufactory and shipped, or whether they be manufactured upon the ground where they are used. This manufacture is not an incident to other business. It is the main or sole business of this company. In our judgment, the relator comes clearly within the exemption of section 183 of the tax law, as a manufacturing corporation employing all its capital in this state "in manufacturing and in the sale of the product of such manufacturing."

We think the determination of the comptroller should be reversed.

Determination of comptroller reversed, with $50 costs and disbursements.

All concur.